O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREENBERG<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARLA MURRAY and WILLIAM MURRAY,<br><br>　　　　Defendants. | CASE NO. SACV 10-375 AG (CTx)<br><br>**ORDER GRANTING MOTION TO STRIKE** |

Plaintiff Michael Greenberg ("Plaintiff") alleges that Defendants Arla and William Murray ("Defendants") invaded his privacy by secretly recording phone calls and later using those recordings in an arbitration proceeding. Defendants filed a Motion to Strike ("Motion") under California Code of Civil Procedure section 425.16 ("Anti-SLAPP law"), which lets courts strike "strategic lawsuits against public participation." After considering all papers and arguments submitted, the Court GRANTS the Motion with leave to amend.

**BACKGROUND**

The Motion is based on California's Anti-SLAPP law.  Under this law, complaints may be attacked based on both the plaintiff's allegations and the evidence submitted by the parties.  Cal. Civ. Pro. § 425.16(b)(2) (a court considering such a motion must "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based").  The following facts are taken from admissible materials and Plaintiff's Complaint.

Plaintiff was a registered commodities broker and was associated with Coastline Trading Group ("Coastline").  (Compl. ¶ 10.)  In June 2007, Plaintiff and Defendants agreed that Plaintiff and Coastline would represent Defendants and conduct futures commodities trading on their behalf.  (Compl. ¶ 11.)  By November 2007, Defendants decided to conclude their business with Plaintiff and began demanding that Plaintiff return the funds that had been invested.  (Compl. ¶ 13.)  Defendants recorded at least six telephone conversations between themselves and Plaintiff, all without Plaintiff's knowledge.  (Compl. ¶ 14.)  Plaintiff learned of these recordings in August 2009, when the recordings were disclosed during a related arbitration proceeding.  (Compl. ¶ 16.)  The recordings "adversely affected the outcome of the arbitration proceeding between the parties . . . which resulted in an award against Plaintiff."  (Compl. ¶ 17.)

Plaintiff's only claim for relief is for invasion of privacy.  Defendants now move to strike the Complaint on the grounds that the recordings were made in furtherance of a prosecution of a civil action.

**LEGAL STANDARD**

The Anti-SLAPP law was designed to prevent certain abusive lawsuits.  The California legislature found "that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  Cal. Code Civ. Proc. § 425.16(a).  To address this issue, the Legislature enacted the Anti-SLAPP law, which provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). The Legislature also said that the Anti-SLAPP law "shall be construed broadly." Cal. Code Civ. Proc. § 425.16(a).

Resolution of an Anti-SLAPP motion requires a two step process. First, the defendant must make "a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (2002); *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1364 (2001). Second, if the defendant makes this showing, "the burden then shifts to the plaintiff to establish a 'probability' of prevailing on the claim by making a prima facie showing of facts that would, if proved, support a judgment in the plaintiff's favor." *Kashian*, 98 Cal. App. 4th at 906. If the plaintiff can establish a probability of prevailing on its claim, then the Anti-SLAPP motion fails.

The Court will now address whether Defendant's Motion can succeed on in light of these two steps and other arguments made by Plaintiff.

## ANALYSIS

### 1. WHETHER THE RECORDINGS WERE IN FURTHERANCE OF DEFENDANTS' PROTECTED RIGHTS

The threshold issue is whether the recordings were made in furtherance of Defendants' rights of petition or free speech in connection with a public issue. Under the Anti-SLAPP law, there are four categories of acts "in furtherance of the person's right of petition or free speech . . . in connection with a public issue":

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e). These categories include "communicative conduct such as the filing, funding, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).

Plaintiff alleges that Defendants recorded confidential conversations without Plaintiff's knowledge or consent. Plaintiff argues that the act of secretly recording is not protected activity under the anti-SLAPP statute. But Plaintiff also alleges that Defendants used the recordings against him in the arbitration proceeding, and that such use "resulted in an award against Plaintiff." (Compl. ¶ 17.) The use of recordings in an arbitration proceeding is protected under Cal. Code Civ. Proc. §§ 425.16(e)(1) and (2). And "where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 672 (2005) (citing *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004); *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,* 129 Cal. App. 4th 1228, 1245 (2005); *Martinez v. Metabolife Internat., Inc.,* 113 Cal. App. 4th 181, 188 (2003)).

Plaintiff argues that the reference to the arbitration proceedings are "necessary to demonstrate damages," (Opp'n 10:14), and that the use of the recordings in the arbitration proceedings is merely incidental to the invasion of privacy claims. Plaintiff cites *Martinez*, 113 Cal. App. 4th at 187, to support his argument. In *Martinez*, the plaintiff sued for physical injuries suffered by ingestion of a drug that was marketed as a dietary supplement. *Id.* There,

the court rejected the defendant's argument that claims for breach of warranty and fraud triggered anti-SLAPP protection. *Id.* at 190. The *Martinez* court reasoned that "the wrongful, injury-producing conduct" arose "from the nature of the product itself" rather than from protected speech. *Id.* at 190-91.

Here, on the other hand, Plaintiff acknowledges that the purpose of his references to the arbitration is to demonstrate his damages. (Opp'n 10.) Thus, at least a portion of the damages sought by Plaintiff arise from the use of the recordings in the arbitration. Accordingly, the protected use of the recordings in the arbitration proceedings are not "merely incidental" to Plaintiff's claim, and the conduct therefore triggers anti-SLAPP protection.

**2.  WHETHER PLAINTIFF HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS OF ITS CLAIMS**

Since Defendants have shown that the Anti-SLAPP law applies, the burden now shifts to Plaintiff "to establish a 'probability' of prevailing on the claim" by making a showing of facts that would, "if proved, support a judgment in the plaintiff's favor." *Kashian*, 98 Cal. App. 4th at 906. Defendants argue that the litigation privilege applies to its use of the recordings. In California, the litigation privilege is found in California Civil Code § 47. It "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1181 (C.D. Cal. 2006). Case law holds that the recovery of actual damages arising from the use of recorded conversations in litigation is barred under California Civil Code § 47(b), even if the recordings were made illegally. *Ribas v. Clark*, 38 Cal 3d 355, 365 (1985); *Kimmel v. Goland*, 51 Cal. 3d 202, 211-12 (1990).

Plaintiff does not appear to contest that Defendants' use of the recordings in the arbitration was privileged. Instead, he only argues that the recordings themselves were not "made in a judicial proceeding" because they were made before any arbitration proceeding

started. (Opp'n 17:22-25.) While Plaintiff may be correct as to the act of recording, the relevant inquiry here is whether Plaintiff has shown a probability of success on the merits as to the use of the recordings in the arbitration proceeding.

The Court finds that Plaintiff fails to carry his burden because the litigation privilege protects Defendants' use of the recorded conversations in the arbitration proceeding. Thus, the damages arising from Defendants' use of the recordings in the arbitration are not recoverable. Plaintiff has therefore failed to show a probability of success on the merits to the extent that his claim is based on the arbitration proceedings. Accordingly, the Court GRANTS Defendants' Motion.

**3.    LEAVE TO AMEND**

While the Court finds that the use of the recordings in the arbitration proceeding is protected under the anti-SLAPP law, Plaintiff may still be able to state a claim for relief for invasion of privacy for the act of recording itself. Accordingly, the Court grants the Motion with leave to amend. *See Verizon Delaware, Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1090-91 (9th Cir.2004) ("granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ.P. 15(a)'s policy favoring liberal amendment").

**4.    WHETHER ATTORNEY FEES AND COSTS SHOULD BE AWARDED**

Under Cal. Code Civ. Proc. § 425.16(c), a defendant who prevails on an Anti-SLAPP motion is entitled to recover attorney fees and costs. Here, the Court finds that attorney fees are proper, but notes that the Plaintiff's brief says little about the attorney fee request, and more information should be provided by the Defendant. Thus, the Court awards attorney fees, and will determine the amount of those fees after further briefing that specifically focuses on the reasonableness of fees under *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Defendants may file a brief supporting its request by June 21, 2010. Plaintiff may file opposing papers by June 28, 2010. Defendants may then file a reply brief by July 6, 2010. The matter will be heard on July 19, 2010, at 10:00 a.m., unless the parties notify the Court that the matter has been settled.

**DISPOSITION**

Defendants' Motion to Strike is GRANTED, with leave to amend. Defendants' request for attorney fees is GRANTED, in an amount to be determined after the hearing on July 19, 2010.

IT IS SO ORDERED.

DATED: June 14, 2010

_____
Andrew J. Guilford
United States District Judge